934 F.2d 318
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Patricia CONNOLLEY, Plaintiff-Appellant,
v.
Louis W. SULLIVAN, Secretary of Health and Human Services,
Defendant-Appellee.
 No. 90-3141.
 United States Court of Appeals, Fourth Circuit.
 Argued Feb. 5, 1991.
Decided May 28, 1991.
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. Frank A. Kaufman, Senior District Judge. (CA-89-3141-K)
 Alan Hilliard Legum, Alan Hilliard Legum, P.A., Annapolis, Md., for appellant.
 Deborah Fitzgerald, Assistant Regional Counsel, Office of the General Counsel, Department of Health and Human Services, Philadelphia, Pa., (argued), for appellee; Eileen Bradley, Chief Counsel, Region III, Dorothea Lundelius, Supervisory Assistant Regional Counsel, Office of the General Counsel, Department of Health and Human Services, Philadelphia, Pa., Breckinridge L. Willcox, United States Attorney, Larry D. Adams, Assistant United States Attorney, Baltimore, Md., on brief.
 D.Md.
 AFFIRMED.
 Before K.K. HALL and NIEMEYER, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 This appeal is from the judgment of the district court entered under 42 U.S.C. Sec. 405(g) in an action to review the Secretary of Health and Human Services' decision awarding child's insurance benefits to Thomas Reagan II by reason of the death of his stepfather, John Connolley. An administrative law judge found that prior to Connolley's death, Connolley was providing in excess of one-half of Reagan's support and therefore, under 42 U.S.C. Sec. 402(d)(4), Reagan was entitled to the insurance benefits. The ALJ based his conclusion on, among other things, exhibits presented to him establishing that Connolley claimed Reagan as an exemption on his federal income tax returns for 1985 and 1986, numerous checks drawn on Connolley's checking account for the support of Reagan, and letters from Reagan's mother and grandmother indicating that Connolley provided support for Reagan prior to his death. The district court affirmed the ALJ, finding that there was substantial evidence in the record to support his fact finding. We agree and accordingly affirm the award of insurance benefits to Thomas Reagan II on the reasoning of the district court. See Connolley v. Sullivan, K-89-3141 (D.Md. July 31, 1990).
 
 AFFIRMED